People v Stallings (2023 NY Slip Op 04937)

People v Stallings

2023 NY Slip Op 04937

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Ind. No. 1273/17 Appeal No. 696 Case No. 2019-04541 

[*1]The People of the State of New York, Respondent,
v
Davon Stallings, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (T. Charles Won of counsel), for respondent.

Judgment, Supreme Court, Bronx County (John W. Carter, J.), rendered June 4, 2019, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations as to identification and credibility. The victim, who knew defendant, consistently testified that defendant was the man who shot him. Moreover, the victim's testimony was corroborated by other witnesses and video evidence, and the discrepancies between his grand jury and trial testimony had no bearing on the identity of the shooter. Conversely, the defense's sole witness did not observe the shooting, and his testimony that defendant was out of state at the time of the crime was uncorroborated.
The trial court providently exercised its discretion in denying defendant's motion for a mistrial, made after the prosecutor elicited during cross-examination of the defense witness that defendant was incarcerated at the time of trial. Any prejudice to defendant by this single reference was alleviated by the court's prompt curative instruction to the jurors to disregard it (see People v Rizzo, 201 AD3d 524, 524-525 [1st Dept 2022], lv denied 38 NY3d 953 [2022]; People v Lopez, 131 AD3d 878, 879 [1st Dept 2015], lv denied 26 NY3d 1146 [2016]).
We perceive no basis for reducing the sentence. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023